**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LARRY EDWARD ADAMS, ) | |
| ) | |
| Petitioner, ) | 2:98-CV-1441-KJD-PAL |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E.K. McDANIEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Respondents have filed a motion styled as a "Motion to Strike Request for Evidentiary Hearing in Petitioner's Reply to Answer." Docket #227. Petitioner Adams recently filed his reply to the respondents' answer to his petition for writ of habeas corpus in this case. Docket #226. Adams included within his reply a request that this court grant him an evidentiary hearing. With their motion, respondents ask the court to strike that request from Adams's reply.

Respondents cite to both the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter Habeas Corpus Rules) and the Federal Rules of Civil Procedure in arguing that Adams's request for an evidentiary hearing is improper and must be struck. Rather than impose mandatory obligations on this court, however, the procedural provisions relied upon by the respondents are, for the most part, discretionary in nature. *See*, *e.g.*, Fed. R. Civ. P. 12(f) (using the word "may" when referring to the court striking material from the record). Moreover, the Supreme Court has recognized that, because of the unique nature of habeas proceedings, federal courts are allowed some flexibility in "fashion[ing] appropriate modes of procedure" with respect to the

1 adjudication of habeas cases. *Harris v. Nelson*, 394 U.S. 286, 299 (1969). Accordingly, neither the
2 Habeas Corpus Rules nor the Federal Rules of Civil Procedure provide compelling grounds to grant
3 respondents' motion.

4 Respondents also claim that, by including his request for an evidentiary hearing within his
5 reply, Adams has effectively deprived the respondents of the opportunity to oppose the request
6 without first obtaining permission from this court. Respondents appear to have overlooked the
7 scheduling order that, despite having been entered back in May of 1999, still governs these
8 proceedings. Docket #21. That order provides the respondents with the opportunity to file a
9 response to both Adams's reply[1] and his request for an evidentiary hearing. *Id.*, p. 2. And, while the
10 order also provides that a request for an evidentiary hearing be filed as separate motion concurrent
11 with the traverse, this court sees little point to adding further delay to these proceeding by requiring
12 Adams to formulate his request into a separate filing.

13 **IT IS THEREFORE ORDERED** that respondents' motion to strike (docket #227) is
14 DENIED.

15 DATED: January 29, 2009

18 _____
UNITED STATES DISTRICT JUDGE

---

[1] Until recently, the petitioner's response to the respondent's answer was commonly referred to as a "traverse." In 2004, Rule 5 of the Habeas Corpus Rules was amended so that the rule now uses the more general term "reply." *See* Advisory Committee Notes to Rule 5, Habeas Corpus Rules  This court used the term "traverse" in the 1999 scheduling order.